## Wilson H. Stubbings and John M. Sheehan v. Wilhelmina Johnson.

1. Appellate Court Practice—*Under our System.*—Appellate tribunals, under our system, do not sit to determine pure questions of fact, which have been settled upon conflicting evidence, either by a jury, or by the trial judge alone, where a jury is waived.

Assumpsit, for work, labor and materials. Appeal from the Superior Court of Cook County; the Hon. Henry V. Freeman, Judge, presid-

ing. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellants.

ELLIOTT ANTHONY and C. F. LOESCH, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action brought by the appellants against the appellee upon the common counts, to recover for work, labor and materials furnished appellee, in painting, papering, calcimining, cleaning and decorating three houses.

The cause was heard by the court without a jury, and judgment was given in favor of appellants for $500, which was only about one-half of what they claimed. Therefore, this appeal.

Nothing but questions of fact are presented to us. Counsel for appellants in their brief say :

" The errors assigned upon the record, and upon which appellants rely for a reversal of the judgment, are that the finding of the court and judgment entered thereon are contrary to the law and the evidence, and against the weight of the evidence, and the refusal of the court to grant a new trial.  *   *   *

The appellee, by the evidence introduced in her behalf, questioned only the amount of work and material which she ordered done and furnished, and the amount of work and material actually furnished. These were the only two defenses interposed, and if they are not sustained by the evidence, appellants should have recovered the full amount of their claim.  *   *   *

The plaintiffs were clearly entitled, at least, to $738, or they were entitled to nothing. If the proof did not sustain that amount it did not sustain anything."

And their argument is addressed wholly to the single

question that the finding is contrary to the evidence. If, under the assignment of errors, in overruling the motion for a new trial, or for other causes, other questions could be raised, they are apparently all abandoned.

There was much evidence heard. The bill of exceptions contains more than 260 typewritten pages, besides exhibits, and the abstract has over forty printed pages.

We have, however, examined into the evidence sufficiently to satisfy ourselves that there was a considerable conflict in it concerning numerous material facts.

Under such circumstances, the finding of the court is to be regarded with the same favor as the verdict of a jury, and entitled to the same presumptions in its favor.

Had a judgment been upon a verdict for the same amount as the court found, it would probably be hardly expected that we should overturn it.

Appellate tribunals, under our system, do not sit to determine pure questions of fact which have been settled, upon conflicting evidence, either by a jury or by the trial judge alone, where a jury is waived.

The judgment of the Superior Court is affirmed.